BERTHA FERNBACH, Claimant, v. THE STATE OF NEW YORK, Defendant. (Claim No. 22084.)

HARRY FERNBACH, Claimant, v. THE STATE OF NEW YORK, Defendant. (Claim No. 22085.)

Court of Claims, July 17, 1933.

*Lhowe & Obstfeld* [*Harold Korzenik* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Arthur T. McAvoy, Assistant Attorney-General,* of counsel], for the defendant.

ACKERSON, J. The above-entitled claims are for damages alleged to have been incurred by the claimants in an automobile accident on a State-maintained highway. The claimants were both in the same automobile and the claims arose out of one accident and were tried together.

The claimant Harry Fernbach was driving his automobile in which besides himself were his wife, the claimant Bertha Fernbach, and their three children. They were making a journey from Buffalo back to their home in New York city on the 3d day of August, 1931. About two-thirty o'clock in the afternoon of that day they reached a point in the highway some two or three miles west of the village of Victor. The employees of the State were there engaged in repairing the highway. They were working on a stretch about one mile long with what is known as a grader and had a red flag at each end of this stretch. They were engaged in scraping the dirt, gravel, sand and stone on the shoulder of the road up against the concrete pavement. In so doing they had permitted some of the dirt, gravel, sand and stone to be scraped off from the shoulder out on the surface of the concrete roadbed. It was there collected in a narrow ridge for about two hundred feet easterly from the red flag at the westerly end of this mile stretch they were working on and then it broadened out.

As the claimant Harry Fernbach approached this ridge of material from the west he was traveling at a high rate of speed, going at the rate of thirty-five miles an hour at least. He saw the material on

the pavement and went over it with the right-hand wheels of his car on the right side of the ridge and the left-hand wheels of his car on the left side of the ridge without decreasing his speed. The road was practically straight and there was nothing to prevent him seeing this stretch of gravel and dirt in front of him. About two hundred feet easterly beyond the point where he first came to the gravel and dirt it widened out so that he could no longer straddle the ridge with his automobile and as the wheels of the automobile came in contact with this rough ridge he lost control of his car, owing to the high speed at which he was driving, and was thrown off the road into the ditch. The car hit a telephone pole, broke it off and rolled over. The car was injured and Mr. and Mrs. Fernbach were slightly injured although they did not consult a physician until they arrived in New York a day or two after the accident. The claimants neither called a physician to the stand to testify to their injuries nor did they produce the bill of any physicians rendered for services performed in treating them for any injuries.

The State defends these claims on two grounds:

*First.* That both claimants were guilty of negligence that contributed to the accident. They both saw and realized that the highway was undergoing repair. It was broad daylight. The debris piled in the roadway incident to the repair was in plain view and yet Harry Fernbach, the driver, did not slow down his speed and take proper precautionary measures to negotiate the obstructions in the highway nor was he at any time admonished so to do by his wife. This action on their part constituted contributory negligence which is sufficient alone to prevent any recovery here in any event.

*Second.* The State further urges, however, what seems to us to be even a more insuperable obstacle in the way to a recovery here than that above mentioned. The State contends that these claims are both founded upon the negligence of the State employees and that, therefore, under section 12-a of the Court of Claims Act either the claims themselves or a written notice of intention to file them should have been served on the Attorney-General and the Superintendent of Public Works within sixty days after this accident happened. It is conceded that no such service was made. We believe this is also fatal to the claimants' right to recover. The force of the State's contention on this point did not impress the writer at the time of the trial. But after giving the matter further consideration it seems plain that these claims are based on negligent acts of State employees which necessitates their filing or serving in accordance with the provisions of section 12-a of the Court of Claims Act. The second paragraph in each of these claims reads as follows:

" 2. The claim is for negligence of the State in the construction,

repair and maintenance of part of the public State Highway, approximately one mile west of the Town of Victor, County of Ontario, State of New York."

It is clear, therefore, that these claims are based on the negligent acts of those engaged at the scene of this accident in repairing the highway and not on a defect in the highway within the purview of section 176 of the Highway Law. If it could be held that these claims were for damages arising from a defect in the highway within the meaning of the last-mentioned section then of course the filing of the claims within six months after the accident would be sufficient.

But it would seem that section 176 of the Highway Law presupposes a finished or completed highway and not one in course of construction or under repair. The State does not consent to be held liable in damages for defects in a highway until it has completed the construction of the highway and thrown it open to the public for use without any restrictions. Where a highway is under construction or in the course of repair, as in the present case, and the State is maintaining traffic notwithstanding the necessary obstacles in the way of traffic which are connected with the construction work, accidents may happen to travelers due to the negligence of those agents of the State carrying on the work. That is what happened here. The work here was grading the shoulder of this road to make it properly connect with and conform to the concrete pavement. Inasmuch as they were permitting traffic at the same time the agents of the State should have used care in keeping this sand, stone, gravel and dirt which they were scraping on the shoulder from going out on the pavement where it would obstruct travel. This they failed to do and clearly were guilty of the negligence they are charged with in these claims. But as the State has consented to become liable for the negligent acts of its agents in such cases as this only in case the claim is served on the Attorney-General and the Superintendent of Public Works within sixty days after the alleged injury occurred, as provided by section 12-a of the Court of Claims Act, these claims must necessarily be dismissed as they were not so served.

This is not the first time that this court has spoken on this subject. The claim of *Miller* v. *State* (137 Misc. 768) was a claim for damages suffered on a highway under construction. The presiding judge in the opinion in that case used the following language which also applies to the situation before us here: " In the instant case it was, to repeat, the duty of the State through its officers and employees, when the highway was left open for traffic and was being used for traffic to take reasonable means to protect that traffic. This, as pointed out before, the State did not do, and we are satisfied

that the damages for which this claim is brought are not, therefore, the result of a defect in the highway under section 176 of the High-way Law, but were the result of the negligence of State employees under section 12-a of the Court of Claims Act and for which damages the State has expressly waived its immunity from liability."

That decision was affirmed by the Appellate Division, Third Department. Justice HINMAN wrote the opinion in that court, in which all concurred. We quote from his opinion as follows: " Section 176 of the Highway Law was not expressly repealed, but it was partially at least superseded by section 12-a of the Court of Claims Act. The former is confined to claims for damages caused by ' defects ' in certain highways and such damages must be suffered within a certain period of the year. Otherwise the State is not liable under that section. By the other section the State completely assumes liability for damages caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee, whether such damages were sustained on a highway or otherwise or at any time of the year. These two sections must be read together. Difficulty may arise in determining in a given case whether damage was caused by a defect in a highway as distinguished from the misfeasance or negligence of the State's officers or employees. We may assume it to have been within the legislative purview that the State might be held liable for a defect in a highway not caused by such misfeasance or negligence." (*Miller* v. *State*, 231 App. Div. 363.)

The claims must, therefore, be dismissed for the reasons stated and findings may be prepared accordingly.

BARRETT, P. J., concurs.